IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 13 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

WILLIAM SANDERS,

    Plaintiff,

vs.

RONNIE LEE WOODS,
WHI TRANSPORT, INC. and
JOHN DOE NO. 1,

    Defendants.

No. 2:20-cv-00226 KGB

This case assigned to District Judge **Baker**
and to Magistrate Judge **Volpe**

## NOTICE OF REMOVAL OF CIVIL ACTION

TO:    John Houseal, III
PO Box 1115
Forrest City, AR 72335
john@ehtriallawyers.com

Pursuant to 28 U.S.C. Sections 1441 and 1446, the Defendant, **WHI TRANSPORT, INC.**, by and through counsel of record, Glassman, Wyatt, Tuttle & Cox, P.C., files this Notice of Removal of the above civil action, and as basis for said removal, would show as follows:

1. Removing party, WHI Transport, Inc. is a named Defendant in the above entitled action.

2. This matter was originally filed in the Circuit Court of St. Francis County, Arkansas, on the 7th day of October, 2020, under Docket No. 62CV-2020-191-2. A copy of the original Complaint filed in the Circuit Court of St. Francis County, Arkansas, is attached to this Notice of Removal.

3. Defendant, WHI Transport, Inc. was served with the Complaint via Certified Mail on

or about October 20, 2020.

4. Defendant, Ronnie Lee Woods was served with the Complaint via Certified mail on or about October 19, 2020.

5. Plaintiff is presently, and was at the time the Complaint was filed, a resident citizen of Pulaski County, Arkansas.

6. Defendant WHI Transport, Inc. is presently and was at the time the Complaint was filed, a Tennessee Corporation with its principal place of business in Lewisburg, TN.

7. Defendant, Ronnie Lee Woods is presently, and was at the Complaint was filed a resident citizen of Hillsboro, Alabama. The undersigned will be representing Defendant Woods, and he joins in and consents to this Removal.

8. Based on a review of the file by the undersigned counsel for removing Defendant, the Complaint, Summons and discovery to the Defendants are the only pleadings filed in the cause to date.

9. Since the filing of the Complaint, no further proceedings have taken place in the St. Francis County, Arkansas Circuit Court action.

10. This action is a civil action for personal injuries as a result of a motor vehicle accident which occurred in St. Francis County, Arkansas, on October 14, 2017.

11. Based on the damages allegations in the Complaint, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. In accordance with 28 U.S.C. Section 1446 (c)(2)(B), to establish that the amount in controversy exceeds $75,000.00, Defendant would show that, while the medical expenses are unknown at this time, the Plaintiff alleges in his Complaint, physical pain and suffering, both past, present and future, emotional pain and suffering, both past, present, and future,

permanent injury, medical expenses, both past and future and costs associated with medical care, and other related damages. Further, in Plaintiff's Prayer for Relief, he asks for a judgment in excess of $75,000 in compensatory damages, and as such, Defendant would show that the amount in controversy is in excess of $75,000.00.

12. This Court has original jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a)(1) and (c) as the suit is between citizens of different states, and as the amount in controversy allegedly exceeds the sum of $75,000.00 exclusive of interests and costs.

13. This Notice of Removal is being filed with this Court within 30-days of service of the Complaint on the removing Defendant, WHI Transport, Inc.

14. Defendant has filed a copy of this Notice of Removal with the Circuit Court of St. Francis County, Arkansas, pursuant to 28 U.S.C. 1446 (d).

**RESPECTFULLY SUBMITTED,**

BY: _/s/ Carl Wyatt_
CARL WYATT #2019111
**Glassman, Wyatt, Tuttle & Cox, P.C.**
26 North Second Street
Memphis, Tennessee 38103
cwyatt@gwtclaw.com
P: 901-527-4673
F: 901-527-5320
GWTC File No. 20-348Z

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I, hereby certify that a true and correct copy of the foregoing pleading has been properly forwarded, via E-MAIL and/or U.S. Mail, to:

John Houseal, III
PO Box 1115
Forrest City, AR 72335
john@ehtriallawyers.com

on this the 13th day of November, 2020.

_____
Carl Wyatt

IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| WILLIAM SANDERS<br>    Plaintiff,<br><br>v.<br><br>RONNIE LEE WOODS,<br>WHI TRANSPORT, INC., and<br>JOHN DOE NO. 1<br>    Defendants, | )<br>)<br>)   No. 62CV-2020- 191-2<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, William Sanders, and files the Complaint against Ronnie Lee Woods, WHI Transport, Inc., and John Doe No. 1 and for his cause of action, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Ronnie Woods, at the time of the events giving rise to this Complaint, was an adult resident of Phillips County, Arkansas.

2. Defendant, Ronnie Woods, at the time of the incident giving rise to this Complaint, was an adult resident of Hillsboro, Alabama.

3. WHI Transport, Inc., is a Tennessee Corporation located in Lewisburg, Tennessee.

4. Defendant, John Doe No. 1, is believed to be an unknown corporation employing Defendant Woods. John Doe No. 1 is liable for the negligent acts of Defendant Woods under the doctrine of respondent superior.

FILED

OCT 0 7 2020

TIME: 3:45 Pm
BETTE S. GREEN, CLERK
ST. FRANCIS COU[...]

5. This Complaint arises from an automobile collision that occurred on Highway 70 on October 14, 2017, in St. Francis County, Arkansas.

## FACTS

6. The Plaintiff was traveling southbound on Highway 70 the evening of October 14, 2017, at approximately 1:40 p.m. He was driving a 2007 BMW.

7. The Defendant, Ronnie Woods, was driving a 2012 Peterbilt owned by John Doe or WHI Transport, Inc., on Highway 70. Ronnie Woods at all times relevant hereto was acting within the scope of his employment with WHI Transport, Inc., or John Doe and they are liable for Wood's acts of negligence and the resulting damage under the doctrine of respondent superior.

8. Defendant Woods was traveling behind the Plaintiff on Highway 70 when the Plaintiff slowed to attempt a left turn. While the Plaintiff was in the process of turning left, the Defendant failed to slow or stop, striking the Plaintiff's vehicle and causing damages to the Plaintiff. The Defendant was following too closely behind the Plaintiff and failed to honor the forward vehicle by attempting to pass on the left or traveling too close.

## CAUSES OF ACTION

9. The Defendant, Ronnie Woods was guilty of the following acts of common law negligence, each one of which was a direct and proximate cause of the injuries received by the Plaintiff:

 (a) The Defendant was following too close and failed to slow to permit the Plaintiff to complete his turn;
 (b) Failing to maintain a proper lookout;
 (c) Failing to maintain proper control of his vehicle;
 (d) Failing to proceed cautiously when the risk of proceeding under the circumstances was known;
 (e) Failing to act as a reasonable and prudent person would under the circumstances existing; and

10. Defendant, Ronnie Woods, is guilty of violating the following statutes of the state of Arkansas which were in full force and effect at the time of the accident; each one of which was passed to protect a class of persons including the Plaintiff, said violations constituting negligence *per se*:

(a) Arkansas Code § 27-51-104 Careless and prohibited driving;
(b) Arkansas Code § 27-51-201 Limitations generally;
(c) Arkansas Code § 27-51-502 Vehicle turning;
(d) Arkansas Code § 27-51-302 Driving on roadways laned for traffic; and
(e) Arkansas Code § 27-51-403 Signals for Turning.

## DAMAGES

11. The negligence of Defendant Woods resulted in a severe and forceful impact with the Plaintiff's vehicle. The Plaintiff suffered numerous injuries, including injury to his arm and shoulder. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered damages as set forth below:

(a) Physical pain and suffering, both past, present and future;
(b) Emotional pain and suffering, both past, present and future;
(c) Permanent injury;
(d) Medical expenses, both past and future and costs associated with medical care; and
(e) All other damages available to him under the law caused by the collision described herein.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. For process to issue, requiring these Defendant to answer;

2. For a jury to be impaneled to try the disputed issues of fact;

3. For a judgment in excess of $75,000.00 in compensatory damages to compensate him for his injuries and damages or a larger amount to be determined by the jury;

4. For any further and general relief to which the Plaintiff may be entitled.

PLAINTIFF DEMANDS A JURY TO TRY THE DISPUTED ISSUES OF FACTS.

Respectfully submitted,

EASLEY & HOUSEAL, PLLC

_____
John Houseal, III (AR 03207)
Post Office Box 1115
Forrest City, Arkansas 72335
P: (870) 633-1447
F: (870) 633-1687
E-Mail: john@ehtriallawyers.com

IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS
CIVIL DIVISION

| | |
|---|---|
| WILLIAM SANDERS<br>    Plaintiff, | )<br>)<br>)    No. 62CV-2020- 191-2<br>) |
| v. | )<br>)    JURY TRIAL DEMANDED |
| RONNIE LEE WOODS,<br>WHI TRANSPORT, INC., and<br>JOHN DOE NO. 1<br>    Defendants, | )<br>)<br>)<br>) |

## JOHN DOE AFFIDAVIT

STATE OF ARKANSAS      )
                                 )
COUNTY OF CROSS        )

John I. Houseal, III, upon first being duly sworn, deposes and states as follows:

1.     I am John I. Houseal, III, attorney at law, and I practice in Forrest City, Arkansas. At the time of the filing of the Complaint, Plaintiff is uncertain of the identity of the John Doe Defendant No. 1. It is believed that the John Doe Defendant is associated with Defendant WHI Transport, Inc. or their employee Ronnie Woods. However their identity is not known. Despite efforts to determine their identity, it is necessary to first conduct discovery before the information will be available.

                                                           JOHN I. HOUSEAL, III

Subscribed and sworn to before me this _____ day of October 2020.

                                                           NOTARY PUBLIC

My commission expires:
August 20, 2024

FILED
OCT 07 2020
TIME: 3:45 P M
BETTE S. GREEN, CLERK
ST. FRANCIS COUNTY